UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61624-CIV-ZLOCH

MYD MARINE DISTRIBUTORS,
INC., and DANIEL DEL MONICO,

    Plaintiffs,

vs.                                              **O R D E R**

DONOVAN MARINE, INC.,

    Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiffs' Motion To Compel Compliance With Order Of Referral To Mediation (DE 37) and Motion To Compel Deposition Of Defendant's Corporate Representative (DE 39). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

    Plaintiffs initiated the above-styled cause with the filing of their Complaint (DE 1, Ex. A) in Florida state court, which Defendant timely removed to this Court. Another, separate case involving similar facts remains pending in Florida state court. Plaintiffs filed the instant Motions (DE Nos. 37 & 39) seeking to compel Defendant to comply with the Orders of this Court and the Federal Rules of Civil Procedure governing discovery.

    In their Motion To Compel Compliance (DE 37), Plaintiffs seek to compel Defendant to engage in a mediation conference pursuant to this Court's prior Order (DE 21). Defendant argues that mediation in the underlying state action yielded no fruit. Because Plaintiffs want now to mediate the federal action, Defendant

expressed its unwillingness to mediate unless it covered both the state and federal action. The Court reminds Defendant that this Court's prior Order (DE 21) requires the Parties to mediate and any non-cooperative Party will suffer a severe sanction. It is of no moment to Defendant's duty to comply with this Court's Orders that the Parties are engaged in state court litigation. Defendant chose to remove this action to this forum and it will litigate accordingly.

In their Motion To Compel Deposition (DE 39) Plaintiffs seek an order for Defendant to comply with its discovery obligations, namely, to produce a corporate representative for deposition. The proposed corporate representative has already been deposed, on more than one occasion, in connection with the state court matter only. Defendant refuses to produce the representative for deposition in connection with the instant action without assurance from Plaintiffs and their lawyers that, again, it will satisfy both the state and federal action. The Court notes that upon a proper notice, "[t]he named organization must then designate one or more [individuals] to testify on its behalf." Fed. R. Civ. P. 30(b)(6). The Federal Rules, to whose operation through removal Defendant has voluntarily consented itself, require broad and cooperative discovery. While conserving resources is an advisable goal on Defendant's part, the federal rules do not demand the most efficient use of a party's resources, and they certainly do not

require coordination with discovery in state litigation.

There is no basis in law for Defendant to maintain its obstinate position on these pretrial matters.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion To Compel Compliance With Order Of Referral To Mediation (DE 37) be and the same is hereby **GRANTED**;

2. Defendant shall participate in the scheduling and carrying out of mediation in good faith in accord with the Court's prior Order (DE 21);

3. Mediation shall take place on or before Friday, August 22, 2008;

4. Upon Defendant's failure to cooperate in mediation, the Court shall immediately strike its Answer And Affirmative Defenses To Amended Complaint (DE 17) and enter a default;

5. Plaintiffs' Motion To Compel Deposition Of Defendant's Corporate Representative (DE 39) be and the same is hereby **GRANTED**;

6. Defendant shall designate and produce one or more individuals with knowledge of the matters for inquiry identified in the instant Motion (DE 39) on or before Friday, August 15, 2008;

7. Pursuant to Federal Rules of Civil Procedure 16(f)(1)(C) and 37(a)(5), by noon on Tuesday, August 5, 2008, Plaintiffs shall file with the Clerk of this Court a Memorandum together with supporting Affidavits and Exhibits consistent with Local Rule

7.3(B) of the Untied States District Court for the Southern District of Florida establishing the costs and fees incurred in the preparation and execution of the instant Motions (DE Nos. 37 & 39); and

8. By <u>noon</u> on <u>Tuesday, August 5, 2008</u>, Defendant shall file a Memorandum establishing good cause for its failure to comply with its discovery obligations and the Court's prior Order (DE 21).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 30th day of July, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record