UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61624-CIV-ZLOCH

MYD MARINE DISTRIBUTORS,
INC., a Florida corporation, and
DANIEL DEL MONICO, individually,

    Plaintiffs,

vs.

DONOVAN MARINE, INC., a
Louisiana corporation,

    Defendant.
_____/

## PLAINTIFFS' VERIFIED MEMORANDUM IN SUPPORT OF ATTORNEYS' FEES

Plaintiffs, MYD Marine Distributors, Inc. and Daniel Del Monico, pursuant to this Court's July 30 Order, Rules 16(f)(1)(C) and 37(a)(5) of the Federal Rules of Civil Procedure, and S.D. Fla. L.R. 7.3B, hereby submit their memorandum in support of attorneys' fees incurred in association with their Motion to Compel Compliance With Order of Referral to Mediation ("Motion to Compel Mediation") and Motion to Compel Deposition of Defendant's Corporate Representative (Motion to Compel Deposition").

### Introduction

On July 30, 2008, this Court granted the Motion to Compel Mediation and the Motion to Compel Deposition. Outlined below and in the attached affidavits[1] are the amounts of attorneys' fees and costs incurred associated with the Motions. There is no good cause for the defendant's conduct as it relates to the Motions. In fact, even in the face of the Order, defense counsel continues the same pattern of misconduct.

---

[1] The affidavit of Camar R. Jones, Esq. is appended as "Attachment 1." The expert's affidavit is appended as "Attachment 2."

Case 0:07-cv-61624-WJZ Document 55 Entered on FLSD Docket 08/05/2008 Page 2 of 6
MYD Marine, Inc., et. al. v. Donovan Marine, Inc.
Case Number: 07-61624-CIV-ZLOCH
Plaintiffs' Verified Memorandum in Support of Motion for Attorneys' Fees

A. Attorneys' Fees Associated With the Motions

The plaintiffs have agreed to compensate the Kopelowitz Ostrow firm at the rates of $350.00 per hour for the services of David L. Ferguson, Esq., and $225.00 per hour for the services of Camar R. Jones, Esq. The motions at issue and the work relating to them was done solely by Camar R. Jones, Esq. at his hourly rate. Mr. Jones has fully reviewed the billing records and other supporting data in this matter. This Memorandum is well grounded in fact and justified.

Review of the billing records for this matter demonstrate that 2.5 hours were spent preparing the Motion to Compel Mediation, analyzing the defendant's response to it, and preparing the reply in support of the motion. The billing records also demonstrate that 2.8 hours were spent preparing the Motion to Compel Deposition, analyzing the defendant's response to it, and preparing the reply in support of the motion. Additionally, Mr. Jones estimates in good faith that in total, 1 hour was spent corresponding[2] with defense counsel to obtain his agreement and compliance with the Order of Referral to Mediation and this Court's rules regarding discovery, with which the defendant failed to comply, necessitating the subject motions.

Accordingly, the plaintiff seeks an award of attorneys' fees in the amount of $1,417.50, representing the total of 6.3 hours of work at Mr. Jones' hourly rate.

B. There is No Good Cause For the Defendant's Conduct, So the Attorney's Fees are Warranted

As the Court has already discovered, defense counsel refused to comply with this Court's Order of Referral to Mediation and pretrial/discovery rules. Even after the motions were filed,

---

[2] Any written correspondence was either filed with the court or incorporated into the motions.

Case 0:07-cv-61624-WJZ    Document 55    Entered on FLSD Docket 08/05/2008    Page 3 of 6
*MYD Marine, Inc., et. al. v. Donovan Marine, Inc.*
Case Number: 07-61624-CIV-ZLOCH
**Plaintiffs' Verified Memorandum in Support of Motion for Attorneys' Fees**

defense counsel continued a pattern of misconduct aimed at more noncompliance with the Court's prior orders.

***First,*** after the Motion to Compel Mediation had been filed and was pending, and defense counsel *mis*represented in his response to the motion that he never refused to attend mediation, plaintiffs' counsel once again sought to set mediation. Plaintiffs' counsel proposed dates to defense counsel, to which defense counsel asked when the plaintiff was available. The plaintiff was available on September 11, 2008, which was one of the proposed dates. So mediation was set for that day. In response, defense counsel sent an email to Chuck Tetunic, copying plaintiffs' attorneys on it, telling Mr. Tetunic to cancel the mediation unless the plaintiffs made settlement demands ***before*** going to mediation.[3]

***Second,*** even after this Court entered the July 30 Order, defense counsel continues with the same bad behavior. Plaintiffs' counsel advised defense counsel yesterday that the best day to depose the defendant is August 13, 2008, and the best day for mediation is August 20, 2008. Plaintiffs' counsel advised defense counsel that he wanted an in person deposition, as requested in the Motion to Compel Deposition.

Defense counsel responded claiming that there is no basis for the deposition to take place in Florida, and that the deposition will be by telephone, unless the plaintiffs want to go to Louisiana for the deposition. Defense counsel also stated that August 20, 2008 was acceptable for mediation under the strict condition that the defendant's corporate representatives appear by phone. Both of these are in complete violation of the July 30, 2008 Order.[4] The Order granted the Motion to Compel Deposition in which the plaintiff requested an in person deposition of the

---

[3] A copy of the e-mail is appended as "Attachment 3."
[4] A copy of the e-mail is appended as "Attachment 4."

3

Case 0:07-cv-61624-WJZ   Document 55   Entered on FLSD Docket 08/05/2008   Page 4 of 6

*MYD Marine, Inc., et. al. v. Donovan Marine, Inc.*
Case Number: 07-61624-CIV-ZLOCH
**Plaintiffs' Verified Memorandum in Support of Motion for Attorneys' Fees**

corporate representative in Broward County, and required the defendant to produce a corporate representative for deposition. *See* Reply in Support of Motion to Compel Deposition at p.5 ("The plaintiffs were willing to accommodate the defendant and do the deposition telephonically. However, with the defendant refusing that accommodation, the plaintiffs want to be afforded the rights they have under the Rules. As such, **the plaintiffs pray that the defendant's corporate representative be ordered to appear for deposition in Broward County, in person**, within 30 days of the Court's order"). Additionally, the Court granted the Motion to Compel Mediation ordering that the defendant comply with the Order of Referral to Mediation, which requires that the defendant and its adjuster be present at mediation. In paragraph 13 of the Motion to Compel Mediation, the plaintiff expressly (and regretfully) retracted any agreement to have the defendant's corporate representative appear telephonically and requested that the representative appear in person as the Order required.

Therefore, even after the motions were filed, and before they were ruled on, the defendant had the opportunity to comply with this Court's rules and orders, but refused to. But moreover, even after the Court ruled in the plaintiffs' favor, the defendant and its counsel still insist on having it their way. Good cause never existed for the defendant and its counsel's behavior, and it still does not exist now.

WHEREFORE, the plaintiffs pray that this Court award them attorneys fees in the amount of $1,417.00 payable by the defendant and/or its counsel, and granting any other relief the court deems just.

*MYD Marine, Inc., et. al. v. Donovan Marine, Inc.*
Case Number: 07-61624-CIV-ZLOCH
Plaintiffs' Verified Memorandum in Support of Motion for Attorneys' Fees

## CERTIFICATE OF GOOD FAITH

Pursuant to S.D. Fla. L.R. 7.3, before filing the instant memorandum, plaintiffs' counsel conferred with defense counsel regarding the relief sought. Defense counsel stated that he would not agree to pay the attorneys' fees.

## VERIFICATION

I hereby swear or affirm that the statements herein are true and correct.

_____
CAMAR R. JONES

SWORN TO AND SUBSCRIBED before me this 5th day of August, 2008.

_____
(Notary Public - State of Florida)


_____
(Print, type or Stamp Commissioned Name of Notary Public)

KASEY R. PARSON
MY COMMISSION # DD 410312
EXPIRES: March 23, 2009
Bonded Thru Notary Public Underwriters

5

*MYD Marine, Inc., et. al. v. Donovan Marine, Inc.*
**Case Number: 07-61624-CIV-ZLOCH**
**Plaintiffs' Verified Memorandum in Support of Motion for Attorneys' Fees**

                                        **THE KOPELOWITZ OSTROW FIRM, P.A.**
                                        *Attorneys for Plaintiffs*
                                        200 SW 1st Avenue, 12th Floor
                                        Fort Lauderdale, FL 33301
                                        (954) 525-4100/(954) 525-4300/Fax

                                        By: /s/ Camar R. Jones
                                            DAVID L. FERGUSON
                                            Florida Bar Number: 981737
                                            CAMAR R. JONES
                                            Florida Bar Number: 720291

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically via CM/ECF to: A. Rodger Traynor, Jr., Esquire, AKERMAN SENTERFITT, SunTrust International Center, One Southeast Third Avenue, 25th Floor, Miami, Florida 33131, *Counsel for Defendant, Donovan Marine*, this 5th day of August, 2008.

                                          By: /s/ Camar R. Jones
                                            CAMAR R. JONES