```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                      CASE NO. 07-61624-CIV-ZLOCH

MYD MARINE DISTRIBUTORS, INC.,
And DANIEL DEL MONICO,

        Plaintiffs,
                                                      O R D E R
vs.

DONOVAN MARINE, INC.,

        Defendant.
                                      /
```

THIS MATTER is before the Court upon Plaintiffs' Memorandum In Support Of Award Of Attorney's Fees (DE 77), which the Court construes as a Motion For Attorney's Fees. The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

By prior Order (DE 51) the Court granted in part and denied in part Plaintiffs' Motion To Compel Better Answers to Discovery (DE 46). Plaintiffs now move for their attorney's fees incurred in the preparation and execution of said Motion.

While the award of attorney's fees is mandatory under Federal Rule of Civil Procedure 37(a)(5) if the position of the party to be sanctioned is not substantially justified, the Court has a duty to make sure that such an award is reasonable. See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of exactly what fees to assess is vested in the sound discretion of the Court. Further, it generally is recognized that the federal courts should

> exercise care and restraint when awarding attorney's fees. Undue generosity might encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts. Were this to become a widespread practice both the American system of civil litigation and the legal profession might fall into public disrepute.

10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998). Moreover, if the discovery "motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. (a)(5)(C).

To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303). Here the Court is satisfied that a reasonable lodestar for Mr. Camar R. Jones, Esq. is $225.00 per hour.

Once the lodestar is set, the Court must determine the

2

reasonable number of hours incurred in making the motion. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. Id. If the applicant fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." Id.

The instant Motion (DE 55) seeks 4.7 hours for the preparation and execution of Plaintiffs' successful Motion To Compel Better Answers to Discovery (DE 46). The Court finds that this is a reasonable amount of time spent on said Motion. However, since the same was granted in part and denied in part, pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), the Court will reduce the award by half.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Memorandum In Support Of Award Of Attorney's Fees (DE 77), which the Court construes as a Motion For Attorney's Fees, be and the same is hereby **GRANTED**; and

2. Plaintiffs MYD Marine, Inc. and Daniel Del Monico do have

3

4

and recover from Defendant's Counsel Arthur Rodger Traynor, Jr., of the firm Akerman Senterfitt, the sum of $528.75 ($225.00 x 2.35 hours), for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___29th___ day of September, 2008.

　　　　　　　　　　　　　　　　_/s/ William J. Zloch_
　　　　　　　　　　　　　　　　WILLIAM J. ZLOCH
　　　　　　　　　　　　　　　　United States District Judge

Copies furnished:

All Counsel of Record