```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO.  07-61624-CIV-ZLOCH
```

MYD MARINE DISTRIBUTORS,
INC., and DANIEL DEL MONICO,

      Plaintiffs,

vs.                                         **O R D E R**

DONOVAN MARINE, INC.,

      Defendant.
_____/

    THIS MATTER is before the Court upon Defendant Donovan Marine, Inc.'s Motion For Summary Judgment As To All Issues (DE 49). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    A Jewish proverb goes thus: "What you don't see with your eyes, don't witness with your mouth." This Court's addendum to it: If you do, it only ends up costing people a lot of time, money, and stress.

    Plaintiff MYD Marine, Inc. is a marine supply company owned by co-Plaintiff Daniel Del Monico. Defendant Donovan Marine, Inc. is a competitor in the marine supply business and employs Juan Antonio "Tony" Crespo as a salesman. Plaintiffs brought this action to vindicate themselves against Crespo, who told a number of individuals that Del Monico provided prostitutes for clients MYD. Besides being scandalous and unfit for repeating in the manner he did, Plaintiffs also claim that it gives rise to tortious interference with business relationships and negligent supervision

and retention.  The essence of their claims is that Crespo's spreading of the rumor has caused both Plaintiffs damages to their reputations and has also tortiously interfered with MYD's business relationships.  For the reasons expressed more fully below, the Court finds that no genuine issue of material fact remains and that Defendant is entitled to judgment as a matter of law.  Specifically, both claims are time barred because they are founded on a defamatory remark, which carries a statute of limitations of two years, and this action was filed more than two years after the rumor's utterance.  In addition, Plaintiffs have failed to establish the facts necessary to support a judgment in their favor as to both claims.

## I. Background

As late as December of 2004, Crespo heard and repeated a rumor that Del Monico obtains the services of prostitutes for the clients of MYD in order to attract and retain their business. Crespo told the rumor to Enrique Pietri, a purchaser for Bradford Marine, who patronized both MYD and Donovan.  After hearing the rumor, Pietri chose to cut Bradford's purchases from MYD.  Bradford continued to do business with MYD, but only for those supplies that MYD exclusively carried.  Sales to Bradford decreased during 2005 and 2006 compared to recent years.  Another patron of MYD, Erwin Marine, also decreased its purchases from MYD during this same time period.  MYD premises this decrease, too, on Erwin Marine's

learning of the prostitute rumor.

Del Monico sued Crespo in Florida state court for defamation, naming Donovan as co-Defendant under a theory of vicarious liability. In 2007, both Plaintiffs initiated this action in Florida state court alleging tortious interference with business relationships and negligent supervision and retention, premised on Crespo's loose tongue. Plaintiffs allege damages in the form of lost sales and damage to reputation as a result of Crespo's statements and Donovan's failure to supervise him reasonably. Defendant removed this action, and Plaintiffs filed their now-controlling Amended Complaint (DE 5) raising the same Counts. Florida law controls.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."

3

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quotation omitted).  Indeed,

> the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

<u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991); <u>Avirgan v. Hull</u>, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof.  <u>Celotex Corp.</u>, 477 U.S. at 322; <u>Everett v. Napper</u>, 833 F.2d 1507, 1510 (11th Cir. 1987).  Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

Count I of the Amended Complaint (DE 5) alleges a claim by MYD and Del Monico for negligent supervision and retention of Crespo by Donovan.  Count II raises a claim by MYD only for tortious interference with business relationships by Donovan, through Crespo.  Both Counts are based on the fact that Crespo, an employee of Donovan, repeated to more than one individual that Del Monico provides the services of prostitutes to customers of MYD.

### III. Tortious Interference

#### A.

MYD's claim for tortious interference is premised on Crespo's publication of the rumor about Del Monico that caused harm to MYD in the form of lost business. The statements were defamatory. Am. Airlines, Inc. v. Geddes, 960 So. 2d 830, 833 (Fla. Dist. Ct. App. 2007) ("Words are defamatory when they would tend to subject one to hatred, distrust, ridicule, contempt or disgrace or tend to injure one in one's business or profession.") (quotation omitted).

Under Florida law, a cause of action for tortious interference with business relationships generally has a statute of limitations of four years. Fla. St. § 95.11(3)(p). The statute of limitations for defamation is two years. Id. § 95.11(4)(g). A cause of action sounding in tort is limited to the two year statute of limitations for defamation if it is premised on the defamatory remark. Callaway Land & Cattle Co. v. Banyon Lakes C. Corp., 831 So. 2d 204, 207-08 (Fla. Dist. Ct. App. 2002). For example, if the tortious conduct is a defamatory remark, the statute of limitations for tortious interference is two years. Callaway, 831 So. 2d at 207-08. The claim raised in Count II for tortious interference is based on Crespo's defamatory spreading of the rumor about Del Monico. See DE 5, ¶¶ 33-35. Thus, the statute of limitations for MYD's tortious interference claim in this case is two years. Id.

Crespo's last publication of the defamatory rumor about Del

Monico was in 2004. The Affidavit of Crespo (DE 49, Ex. B) states that the rumor was repeated to several people in 2003. DE 49, Ex. B, p. 2. After that, Crespo maintains that he never mentioned the rumor again, other than to corporate counsel and in the context of testifying about this matter. Id. Plaintiff argues that Crespo repeated the rumor as late as 2006; however, the record does not support this assertion. The Affidavit of Enrique Pietri (DE 72, Ex. C), filed by Plaintiff with its Response to the instant Motion, establishes only that Crespo repeated the rumor as late as December of 2004. DE 72, Ex. C, p. 1. Mr. Pietri goes on to relate that in October of 2006, Crespo called him to tell him that he did not start the rumor about Del Monico but he did relay it. Id. p. 2. Pietri quoted this phone call from Crespo directly in his deposition: "[Crespo] called me and he said, 'Enrique, I did not start the rumors, but I spread them.'" Deposition of Enrique Pietri, DE 72, Ex. D, p. 32; see also id. pp. 35, 37, & 46. There is no indication either in Pietri's Affidavit or his Deposition that Crespo republished the rumor during his 2006 phone call.

Crespo's statement to Pietri over the phone in 2006 is not a republication of the defamatory remark. Defamation consists of words that tend to subject one to hatred, distrust, ridicule, contempt, etc. Geddes, 960 So. 2d at 833. Crespo's statement, quoted by Pietri in his deposition, was this: "Enrique, I did not start the rumors, but I spread them." DE 72, Ex. D, p. 32. These

words, even "the rumors," do not tend to subject Del Monico or MYD to hatred, disgust, ridicule, or any other negative inference. There was no defamatory remark to Pietri over the phone in 2006.

Moreover, Plaintiff's Statement Of Disputed Issues (DE 72, Ex. A) makes no mention of any republication by Crespo after 2004. In fact, it cites the Affidavit of Enrique Pietri only for the proposition that Crespo repeated the rumor in December of 2004, but says nothing about republishing it in 2006. DE 72, Ex. A, ¶ 3. Plaintiffs were under an obligation to state the alleged fact of Crespo's republication in 2006 in their Statement Of Disputed Facts. S.D. Fla. L.R. 7.5.C ("Additional facts which the party opposing summary judgment contends are material shall be numbered and placed at the end of the opposing party's statement of material facts."). Their failure to abide by this Local Rule by setting forth the material facts, and abide by Federal Rule of Civil Procedure 56(e)(2) to establish the same with competent evidence, renders any allegation of a 2006 republication disproved. Thus, the Court finds that the latest Crespo could have published the defamatory rumor is December of 2004.

The facts underlying the tortious interference claim are Crespo's defamatory remarks. Thus, the statute of limitations ran in December of 2006 at the latest and this case was filed in 2007. Florida law "does not permit [an] action[] for tortious interference . . . when [it] arise[s] from the same publication

7

upon which the failed slander of title claim is based. A contrary result would allow [a party] to circumvent the statute of limitations by simply re-describing the slander of title action to fit a different category of intentional wrong." Callaway, 831 So. 2d at 208. Therefore, MYD's claim for tortious interference is time barred. Id.; Ovadia v. Bloom, 756 So. 2d 137, 140-41 (Fla. Dist. Ct. App. 2000) (approving dismissal of intentional interference with advantageous business relationships claim based on dismissal of defamation where same facts underlie each).

B.

In the alternative, and for the benefit of the Parties and any reviewing court, the Court will address MYD's tortious interference claim on the merits. The elements of a tortious interference claim are (1) a business relationship under which the plaintiff has legal rights, (2) knowledge of the relationship by the defendant, (3) an intentional and unjustified interference with that relationship by the defendant, and (4) damages to plaintiff. Bortell v. White Mountains Ins. Group, Ltd., ___ So. 2d ___, 2009 WL 187708 *6 (Fla. Dist. Ct. App. Jan. 28, 2009) (citation omitted). The cause of action does not protect business relationships that are at will. Ferris v. South Fla. Stadium Corp., 926 So. 2d 399, 401-02 (Fla. Dist. Ct. App. 2006).

Donovan has established that Bradford Marine has not had any relationship with MYD other than at will. The Affidavit of Tom

8

Krigger, Vice President of Operations for Bradford Marine, states that no long-term relationship existed between MYD and Bradford Marine.  DE 49, Ex. A, ¶¶ 3-4.  Plaintiffs argue that MYD was the exclusive distributor for certain products sometimes purchased by Bradford, but they have not established that Bradford Marine and MYD maintained an on going business relationship where MYD held a legal expectation of continuing purchases by Bradford.  Moreover, the Affidavit of Enrique Pietri states explicitly that during 2005 and 2006 Bradford Marine continued to purchase the products for which MYD was the exclusive distributor.  DE 72, Ex. C, p. 1.  Thus, MYD cannot satisfy the first element of the cause of action because there were no protected legal rights that were interfered with by Crespo.  The tortious interference claim fails with respect to Bradford.  Bortell, ___ So. 2d ___, 2009 WL 187708 *6; Ferris, 926 So. 2d at 401-02.

MYD also alleges that Erwin Marine decreased its purchases from MYD after Crespo's publication of the rumor.[1]  The Court finds that the claim related to Erwin Marine fails for the reasons stated in Donovan's instant Motion (DE 49, pp. 8-11).  MYD failed to raise any argument in its Response related to tortious interference with its relationship with Erwin Marine.  Their failure to rebut Donovan's argument and evidence on this point renders judgment for

---

[1] The Parties agree that the tortious interference claim is only directed at MYD's business relationships with Bradford Marine and Erwin Marine.  It goes to no other customer of MYD.

Donovan appropriate. Fed. R. Civ. P. 56(e)(2).

### IV. <u>Negligent Supervision and Retention</u>

#### A.

Just as described in Part III.A above with respect to tortious interference, if a claim for defamation cannot stand, a claim for negligent supervision based on the same facts likewise cannot stand. <u>Geddes</u>, 960 So. 2d at 834 ("The claim for negligent supervision was based on the alleged defamation; as we have found no actionable claim of defamation, this claim also fails."). This is so because "the gist of the civil action," when premised on the harm caused by the defamatory remarks, is not the claim for negligent supervision, but the claim for defamation. <u>See</u> <u>Orlando Sports Stadium, Inc. v. Sentinel Star Co.</u>, 316 So. 2d 607, 609 (Fla. Dist. Ct. App. 1975) (citation omitted). "[I]nsofar as the statute of limitations is concerned, we see no difference if the plaintiff alleges intentional defamation (clearly barred) or defamation caused by 'actionable negligence' or by 'negligent supervision.' His core cause of action remains an action for liable or slander and must be brought within two years." <u>Elegele v. Harley Hotels, Inc.</u>, 689 So. 2d 1305, 1307 (Fla. Dist. Ct. App. 1997) (footnote omitted). Thus, Plaintiffs' claim for negligent supervision and retention is time barred. <u>Id.</u>; <u>see also</u> <u>Geddes</u>, 960 So. 2d at 834.

B.

In the alternative, and for the benefit of the Parties and any reviewing court, the Court will analyze Plaintiffs' negligent supervision and retention claim on the merits. "Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment." Dep't of Environmental Protection v. Hardy, 907 So. 2d 655, 660 (Fla. Dist. Ct. App. 2005).

As detailed by Crespo's Affidavit, once Donovan was informed of Crespo's behavior it gave him specific instructions not to engage in any further like conduct. DE 39, Ex. B, ¶ 4. Crespo made no further allegations against Del Monico or MYD after being reprimanded by his supervisors. Id. ¶ 6. Plaintiffs have failed to point to any evidence in the record to establish a failure on the part of Donovan with respect to its handling of Crespo.

The Parties conflict on when Crespo went about spreading the rumor about Del Monico. Donovan maintains that it was in 2003, while Plaintiffs' evidence tends to prove it was in December of 2004. Even assuming both of these are true, that Crespo published the rumor in 2003 and again in December of 2004, Plaintiffs have failed to establish any failure on the part of Donovan in its duty regarding Crespo. Crespo's Affidavit establishes, and Plaintiffs

11

fail to rebut, that after publishing the rumor in 2003 Crespo informed his supervisors and they unambiguously reprimanded him. DE 49, Ex. B, p. 2. Plaintiffs have failed to point to any evidence that would show Donovan should have known Crespo might republish the rumor after that. Even assuming he did so, Plaintiffs have not demonstrated that Donovan breached a duty before this time. 2A Fla. Jur. 2d Agency § 273 (2005) ("[T]he ultimate question of liability to be decided is whether it was reasonable for an employer to permit an employee to perform his or her job in light of information about the employee that the employer should know."). Plaintiffs only argue in their Response that Crespo continued spreading the rumor after Donovan was notified. DE 72, pp. 11-12. However, they point to no evidence in the record that would establish, let alone raise a genuine issue of material fact, that Donovan breached a duty after being on notice of Crespo's behavior. This failure to properly allege these facts and introduce admissible evidence to prove them renders judgment in Donovan's favor appropriate on the claim of negligent supervision and retention. S.D. Fla. L.R. 7.5.C; Fed. R. Civ. P. 56(e)(2).

## V. Conclusion

The Court finds that Plaintiffs' claims for negligent supervision and retention are time barred because they are premised on defamatory remarks uttered more than two years prior to the filing of this action. Callaway, 831 So. 2d at 207-08; Ovadia, 756

So. 2d at 140-41; <u>Geddes</u>, 960 So. 2d at 834. The Court also finds in the alternative that Plaintiffs' claims fail on the merits. Thus, with no genuine issues of material fact remaining for trial, Defendant is entitled to judgment as a matter of law on the Amended Complaint (DE 5).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant Donovan Marine, Inc.'s Motion For Summary Judgment As To All Issues (DE 49) be and the same is hereby **GRANTED**; and

2. Final Judgment will be entered by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this   16th   day of March, 2009.

　　　　　　　　　　　　　　　　／s／ William J. Zloch
　　　　　　　　　　　　　　　　WILLIAM J. ZLOCH
　　　　　　　　　　　　　　　　United States District Judge

Copies furnished:

All Counsel of Record